UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John Excel Arradondo,                                  Civil No.:   12cv2576 (PAM/SER)

                              Petitioner,

v.                                                     **REPORT AND RECOMMENDATION**

Tom Roy,
*Commissioner of Correction,*

                              Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's petition is barred under the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court therefore recommends this action be dismissed summarily with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

The Minnesota Court of Appeals has summarized the background of this case as follows:

> 1. In 2006, appellant John Arradondo pleaded guilty to one count of third-degree criminal sexual conduct. The district court sentenced Arradondo to 36 months' imprisonment (a downward durational departure) and imposed a ten-year conditional-release term. Arradondo did not pursue a direct appeal.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

> 2. In mid-2007, Arradondo filed a series of *pro se* motions challenging his conviction on double-jeopardy and equal-protection grounds. The district court treated the motions as a postconviction petition and denied relief; Arradondo did not appeal. In late 2007 and early 2008, Arradondo filed several more *pro se* submissions asserting that the state failed to disclose exculpatory evidence and that his guilty plea lacked a sufficient factual basis. And in February 2008, the public defender's office assisted Arradondo in filing a second postconviction petition, reiterating Arradondo's challenge to the factual basis for his guilty plea. The district court addressed and denied all of Arradondo's claims, and this court affirmed on appeal. *Arradondo v. State*, No. A08-926 (Minn. App. Apr. 21, 2009), *review denied* (Minn. June 16, 2009).[2]
>
> 3. On February 9, 2011, Arradondo filed a third petition for postconviction relief, principally challenging his conditional-release term and arguing that his counsel was ineffective for failing to advise him that he would be subject to conditional release. The district court denied the petition as untimely under Minn. Stat. § 590.01, subd. 4 (2010).

*Arradondo v. State of Minnesota*, No. A11-734, (Order Opinion dated September 26, 2011), *review denied* (Minn. Nov. 22, 2011), [hereafter "*Arradondo II*"].[3]

In this October 9, 2012 petition, Petitioner is again attempting to challenge his 2006 Minnesota state court criminal conviction.[4] Petitioner lists the following three grounds for

---

[2] The Minnesota Court of Appeals' decision on Petitioner's initial appeal, (No. A08-926), is reported at 2009 WL 1048168, and is referred to hereafter as "*Arradondo I*."

[3] The first two pages of the Minnesota Court of Appeals' Order Opinion in *Arradondo II*, (including the section quoted herein), is part of a separate appendix that Petitioner has filed in support of his current petition. (Appendix, [Docket No. 4], pp. 1-2.) The third and final page of that Order Opinion is included in a separate appendix attached to the petition itself. (Petition, [Docket No. 1], Appendix p. 27.) The entire Order Opinion, as well as the Minnesota Supreme Court's order denying Petitioner's subsequent application for further review, is accessible on a website maintained by the Minnesota Judiciary – "macsnc.courts.state.mn.us."

[4] As far as the Court can tell, Petitioner has fully served his 36-month prison term for his 2006 state criminal conviction, and he is not presently incarcerated. It appears, however, that Petitioner is still subject to the conditional release component of his sentence, and he is therefore considered to be "in custody" for habeas corpus purposes. *Jones v. Cunningham*, 371 U.S. 236 (1963).

2

relief:

> (1) "the petitioner contends his plea is invalid, because it lacked factual basis;"
> (2) "Minn. Stat. 609.3455, subd. 6 exceeds the statutory maximum sentence of 36 months;" and
> (3) "Minn. Stat. 243.166 et.seq. predator registration violated due process with Fifth and Fourteenth Amendment of United States Constitution."
> (Petition, [Docket No. 1], pp. 5-9, § 12.)

The claims raised in the current petition, however, cannot be adjudicated on the merits, because Petitioner did not commence this action within the statutorily prescribed one-year statute of limitations.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes established a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Nothing suggests that clauses (B), (C) or (D) of § 2244(d)(1) are applicable here. In other words, there is no indication that the State created any unconstitutional impediment preventing Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. Therefore, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The judgment effecting Petitioner's conviction and sentence was entered on September 13, 2006. (Petition, p. 1, § 2.) Because Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence expired on December 12, 2006, (90 days after entry of the judgment of conviction and sentence), and the judgment in Petitioner's criminal case became "final," for purposes of § 2244(d)(1)(A), on that date. This means that the one-year federal habeas statute of limitations began to run in this case on December 12, 2006 – unless it was effectively tolled before that date.

4

The statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings are pending in any state court, including the state appellate courts. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999).

Here, Petitioner initiated several state post-conviction proceedings that could have tolled the federal statute of limitations. The present record does not fully explain exactly when all of those various state court proceedings were started and completed. For present purpose only, the Court will assume that Petitioner initiated his first state post-conviction challenges even before the deadline for filing a direct appeal, and he continuously maintained some form of valid post-conviction activity in the state courts through the completion of *Arradondo I*. In other words, the Court assumes that the statute of limitations did not even begin to run until the Minnesota Court of Appeals decided *Arradondo I*.[5] The Minnesota Supreme Court denied Petitioner's application for further review in *Arradondo I* on June 16, 2009, and Petitioner's initial round of post-conviction proceedings then came to a close. Thus, the Court finds that the one-year federal statute of limitations could not have begun to run in this case any later than June 16, 2009, which means that, absent further tolling, the statute of limitations expired in this case

---

[5] This assumption probably is not warranted. The Order Opinion in *Arradondo I* indicates that Petitioner did not begin to challenge his 2006 conviction and sentence until sometime in "mid-2007." Thus the federal statute of limitations actually was running for many months before Petitioner initiated any state post-conviction proceedings. Petitioner has not fully explained what (if any) efforts were made to challenge his conviction and sentence during the first year or so after judgment was entered. Thus, just for now, the Court will generously assume that Petitioner was continuously challenging his conviction and sentence from the time judgment was entered until the completion of *Arradondo I*.

5

on June 16, 2010.

According to the Minnesota Court of Appeals' Order Opinion in *Arradondo II*, Petitioner filed a new post-conviction motion on February 9, 2011. By that time, however, the federal habeas statute of limitations had already expired. Because the statute of limitations expired on June 16, 2010, (at the latest), any state post-conviction motion filed after that date did not effectively toll the statute. *See Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), *cert. denied*, 531 U.S. 991 (2000); *Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his 2011 post-conviction motion somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his last state post-conviction proceedings were fully completed in November 2011, when the Minnesota Supreme Court denied his application for further review in *Arradondo II*. That, however, is not true. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute of limitations expired in this case, which was no later than June 16, 2010, the filing of Petitioner's subsequent post-conviction motion in February 2011 does not restart or reset the limitations period.[6]

---

[6] The statute of limitations analysis can be understood more easily, perhaps, by simply

The Court also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. *See Baker v. Norris*, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), *cert. denied*, 539 U.S. 918 (2003). *See also Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

The Eighth Circuit Court of Appeals has made it clear that equitable tolling is available only "when **extraordinary circumstances beyond a prisoner's control** make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). *See also White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be **guarded and infrequent**, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Jihad*, 267 F.3d at 806, (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th

---

pointing out that Petitioner had no court proceedings pending between June 16, 2009, (when the Minnesota Supreme Court denied his application for further review in *Arradondo I*), and February 9, 2011, (when he filed the third post-conviction motion described in *Arradondo II*). The one-year statute of limitations must have expired sometime during that nearly twenty month period of complete inactivity.

Cir. 2000), *cert. denied*, 534 U.S. 863 (2001). Instead, the petitioner must show a specific and extraordinary event, of a wholly external nature, making it impossible for him to meet the statute of limitations deadline. *Id*.

In this case, Petitioner has not requested equitable tolling (*see* Petition, pp. 13-15, § 18), and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in *Baker*, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case no later than June 16, 2010. Petitioner did not file his current habeas petition until October 2012, which was long after the statute of limitations deadline. Petitioner's 2011 post-conviction proceedings could not affect the untimeliness of the current petition, because the one-year federal habeas statute of limitations had already expired before those proceedings were started. Furthermore, nothing in Petitioner's submissions suggests that the statute of limitations could have been tolled pursuant to the doctrine of equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is untimely, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed due to untimeliness, the Court will recommend that Petitioner's pending application for leave to proceed *in forma pauperis*, (Docket No. 3), be denied.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should **not** be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket 3), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: November 2, 2012        *s/Steven E. Rau*
                               Steven E. Rau
                               U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 15, 2012,** a writing which

9

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.